I concur with the award of benefits for the neurogenic bladder, but I respectfully dissent from that portion of the majority opinion awarding benefits for the back injuries in June and July 1996. It is ironic that the majority awards benefits for the neurogenic bladder based solely on a temporal relationship, and awards benefits for a serious back condition despite a complete lack thereof.
The greater weight of the credible evidence shows: plaintiff was diagnosed with a mild disc protrusion (a common condition) following her work-related injury in May 1994; her pain was likely muscular in origin; she recovered with conservative treatment, returned to full duty work in February 1995, and had no further complaints; she was found to be at maximum medical improvement in March 1995 with no impairment; fifteen months later, she injured her back at home during a bending/straightening incident (a common mechanism for disc injury) which caused a large disc herniation and required surgery; and she suffered a recurrence of the herniation in a coughing incident after the surgery, which required repeat surgery. In my opinion, plaintiff failed to prove that she is entitled to benefits for the disc injury in 1996 and the related treatment.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
RCR:mdg